UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JOHNNIE D. MATHIS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17CV00023 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Petitioner, Johnnie D. Mathis, has filed this motion for relief from his sentence, asserting that he should be resentenced under the provisions of 18 U.S.C. § 3582(c)(2). Mathis contends that his sentencing range has been lowered since his original sentencing date by the Sentencing Commission. Mathis seeks to use Amendment 798 as the basis for his claim, along with various citations from *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, 136 S.Ct. 2243 (2016). Mathis believes that Amendment 798 must be applied retroactively to his case and that he is entitled to relief based on *Johnson* and *Mathis*. There is no merit to any of Mathis' claims.

**I. Underlying conviction and sentence**:

Mathis was originally indicted on February 18, 2010, by a Grand Jury for the Eastern District of Missouri for the charge of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). (DCD 1) Based on the law that existed at that time, Mathis would be classified as an Armed Career Criminal if convicted of that charge, since Mathis had three prior violent felony convictions. As noted below, defendants

convicted of being a Felon in Possession of Firearms and/or Ammunition and who are Armed Career Criminals are subject to a minimum sentence of 15 years and a maximum of life. After Mathis made his Initial Appearance, his attorney approached the Government and requested that the Government consider amending the charge to Possession of Stolen Ammunition in violation of 18 U.S.C. § 922(j).

The significance of that amended charge was that the classification of Armed Career Criminal did not apply to § 922(j) convictions and the maximum punishment for that violation was ten years. Mathis' attorney agreed that Mathis would plead guilty to that charge and accept a sentence of 120 months, the maximum punishment for that charge. Everyone understood that this sentence would be a significant upward variance for the conviction for Possession of Stolen Ammunition, but would be substantially less than Mathis would receive as an Armed Career Criminal. The Government agreed to the request and prepared a Superceding Information charging Mathis with the offense of Possession of Stolen Ammunition. (DCD 49) On November 8, 2010, Mathis pled guilty to the Superceding Information by appearance in this Court and with a written Plea Agreement. (DCD 53) Mathis agreed to waive indictment by a grand jury on the charge made in the Superceding Information. Mathis agreed to accept a sentence of 120 months for that conviction. The Government agreed to dismiss Mathis' charge of Felon in Possession of Ammunition as charged in the Indictment at sentencing. The written plea agreement set out the parties' agreement as to the amended charge and the reasons for the sentence:

The defendant understands that his Indictment charged the defendant with

2

being a Felon in Possession of Ammunition as an Armed Career Criminal pursuant to the sentencing provisions of 18 U.S.C. 924(e). Those provisions required that the defendant be sentenced to a mandatory minimum sentence of 180 months. The parties have agreed that the defendant will instead plead guilty to a lesser offense in an Information, that of Possession of Stolen Ammunition. This new charge carries a maximum sentence of 120 months. The parties have agreed that they will each recommend that this Court impose a sentence of 120 months upon the defendant as a fair and reasonable sentence, given the circumstances of the crime and this plea agreement. In the event that the Sentencing Guidelines recommend a term of imprisonment of less than 120 months, each party agrees that it will recommend that an upward variance be granted to result in a sentence of 120 months. The parties will further recommend that this sentence be run concurrent with any undischarged term of state imprisonment and that the federal sentence will begin on the date the federal sentence is imposed.

(DCD 53, pp. 2, 3)

A Presentence Investigation Report ("PSR") was prepared to calculate Mathis' Sentencing Guideline range. That report reflected that Mathis' Total Offense Level was 21 and his Criminal History Category was VI. (PSR, pp. 3, 4, 8) Mathis' Sentencing Guideline range was calculated to be 77 to 96 months. (PSR, p. 14) The PSR also disclosed the effect of the Plea Agreement, noting that Mathis was facing a minimum sentence of 180 months if convicted of the original charge of Felon in Possession of Ammunition, and that the maximum sentence for the current charge was 120 months. (PSR, p. 14)

On February 8, 2011, Mathis appeared before this Court for sentencing. There were no objections to the findings or calculations set out in the PSR. (Sent. Tr. p. 2) The Court found Mathis' Sentencing Guideline range to be 77 to 96 months imprisonment, just as recommended by the PSR. (Sent. Tr. p. 2) The Government recommended a sentence of 120 months as set out in the Plea Agreement. (Sent. Tr. p. 3) Mathis' attorney

3

recommended a sentence of 120 months. (Sent. Tr. p. 4) The Court then imposed the sentence of 120 months for Mathis. (Sent. Tr. p. 6)

Mathis did not appeal his sentence.

## II. Current claims:

Mathis makes several claims in his Motion, which he asserts is under the authority of 18 U.S.C. § 3582(c)(2). Those claims, and the Government's Responses, are set out as follows:

> **A. "Mathis was subjected to an enhanced criminal history category as a Career Offender pursuant to the U.S. Sentencing Guidelines §§ 4B1.2, 2K2.2."** Mathis' Motion, p. 1.

Mathis appears to believe that he was sentenced as either a career offender under U.S.S. G. § 4B1.1 or an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). Of course, Mathis was not classified as either a career offender or Armed Career Criminal. His PSR does not contain any reference to any offense levels being assigned to Mathis as either a career offender or Armed Career Criminal. Mathis' assertion that he was subjected to an enhanced criminal history category as a career offender is simply mistaken. A cursory review of Mathis' PSR reveals that Mathis' Sentencing Guideline range was calculated under U.S.S.G. § 2K2.1, not the career offender guidelines under §4B1.

Furthermore, no matter what the offense levels, criminal history category or Guideline range was, Mathis agreed to a sentence of 120 months. Mathis specifically agreed to an upward variance to a final sentence of 120 months, which is what this Court

4

imposed. Mathis' sentence is a direct result of his bargain and a sentence that Mathis himself requested.

As a factual matter, Mathis' assertion that he was subjected to an enhanced criminal history category as a career offender is simply incorrect.

**B. "The defendant falls within the exception in § 3582(c)(2)'s " . . . who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.§ 994(o) . . ."** Mathis' Motion, p. 1.

In this claim, Mathis contends that he is eligible for a reduction in his sentence pursuant to § 3582(c)(2). Mathis' original offense levels were calculated based on his having convictions for two crimes of violence. If Amendment 798 were retroactively applied to his sentence, Mathis' Guideline levels would be reduced and his Guideline range would be reduced. Mathis contends that:

> [e]ffective August 1, 2016, the Sentencing Commission issued Amendment 798 amending the definition of crime of violence in U.S. Sentencing Guideline (USSG) Manual app. C. amend 798 (Supp. Aug. 1, 2016). Section 4B1.1, however, no longer includes the residual clause and contains a revised list of enumerated offenses.
>
> Amendment 798 now requires this Court to revisit those four previous Missouri convictions of burglary, tampering, assault and stealing because these are no longer qualify predicate offenses to continue his sentence as a career offender and revise his upward departure as well for the same reason.

Mathis' Motion, pp. 1, 2.

Amendment 798 was issued by the United States Sentencing Commission altering the wording of part of the definition of a crime of violence in U.S.S.G. § 4B1.2(a). Among other things, that amendment removed a conviction for burglary of a dwelling and the residual clause from being classified as crimes of violence. The effective date of

5

this amendment was August 1, 2016. Mathis contends that if this amendment were retroactively applied to his prior convictions, his offense levels would be less, thereby reducing his Guideline range.

Mathis' ultimate contention fails, on two significant grounds. First, Mathis' plea agreement contains his specific agreement that he would receive a sentence of 120 months and that he would accept an upward variance from whatever Guideline range was calculated for his crime. No matter what his recalculated Guideline range would be, his agreement to receive 120 months imprisonment would remain the same.

Secondly, Amendment 798 may not be applied retroactively. The Guidelines contain a reference as to which Guideline Amendments may be applied retroactively in U.S.S.G. § 1B1.10(d). *Belton v. United States*, 71 Fed.Appx. 582, 583 (7th Cir. 2003) ("Section 1B1.10 of the guidelines identifies the amendments that the Sentencing Commission has authorized courts to apply retroactively . . .") U.S.S.G. § 1B1.10 does not permit the retroactive application of Amendment 798, since Amendment 798 is not listed in that Guidelines section as a retroactively applied Guideline change.

The sole circuit court of appeals that has considered whether Amendment 798 may be applied retroactively to a case on collateral review has concluded that it may not be so applied.[1] *See United States v. Strevig*, 663 Fed.Appx. 908, 912(11th Cir. 2016) ("The Sentencing Commission, however, has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the Amendment."); *United States v.*

---

[1] This Court is aware of an appellate case dealing with the application of Amendment 798 to a case on direct appeal in *United States v. Kennedy*, 2017 WL 1078552 (6th Cir. 2017). However, that case did not involve the retroactive application of Amendment 798 to a case on collateral review. The Government agrees that Amendment 798 would apply to a case on direct appeal, but not to a case on collateral review like Mathis' sentence.

6

*Johnson*, 665 Fed.Appx. 788, 792-93 (11th Cir. 2016) ("As a substantive change to the Guidelines, Amendment 798 does not apply retroactively to his sentence."). District court cases that have considered this issue uniformly reject the contention made by Mathis that Amendment 798 may be applied retroactively to cases on collateral review. *See Ellis v. United States*, 2017 WL 972092, FN 3 (D. Maine, March 10, 2017) ("However, the amendment [# 798] does not apply to Petitioner's case because it was not in effect on the date of his sentencing."); *Lebron v. United States*, 2017WL 2116277, FN 1 (May 15, 2017) ("Amendment 798 was not made retroactive, see U.S.S.G. § 1B1.10(d) . . . and it is therefore not applicable to Lebron"); *McKenzie v. United States*, 2017 WL 930146, FN 4 (S.D. Georgia, January 11, 2017) ("Amendment 798 does not apply retroactively to [McKenzie's] sentence."); *United States v. Smith*, 2017 WL 1731701, FN 1 (E.D. Virginia, May 2, 2017) ("In any event, Amendment 798 is not retroactively applicable."); *Everett v. United States*, 2017 WL 2116282, FN (E.D. Wisconsin, May 15, 2017) ("Amendment 798 was not made retroactive, see U.S.S.G. § 1B1.10(d) (listing amendments to be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)"); *Shuck v. United States*, 2017 WL 465682 (S.D. Georgia, January 31, 2017); *United States v. Hamm*, 2017 WL 1536438, FN 2 (E.D. Virginia, April 27, 2017); and *Hayes v. United States*, 2017 WL 976624, FN 2 (E.D. Virginia, March 13, 2017).

Not one single district or appellate court has agreed with Mathis' contention that Amendment 798 is retroactively applicable to cases on collateral review. Mathis may not avail himself of the new definition of a crime of violence in this action.

Mathis asserts that "Amendment 798 renders the defendant's sentence illegal, his sentence is now a fundamental defect and results in a manifest miscarriage of justice." But since he can't apply Amendment 798 retroactively to his sentence, Mathis cannot demonstrate that his Guideline range of imprisonment was improperly calculated.

Mathis' basic claim that he is entitled to a review of his sentence under 18 U.S.C. § 3582(c)(2) is fundamentally flawed. That statute states, in relevant part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that –
> (2) in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). (Emphasis furnished)

Mathis' theory fails because his chosen amendment is not to be applied retroactively by the decision of the Sentencing Commission. The Commission decided not to include Amendment 798 to the list of amendments that may be applied retroactively to cases on collateral review. In order for Mathis to obtain relief under § 3582(c)(2), he would have to show that his relief would not violate the express directions of the Sentencing Commission. Mathis cannot do so since his amendment is not applied retroactively on collateral review. The Sentencing Commission did not lower the sentencing range for Mathis' term of imprisonment because it did not make that amendment retroactively applicable.

Mathis may not use Amendment 798 and may not obtain review of his sentence under 18 U.S.C. § 3582(c)(2).

**C. Holding of *Johnson*:**

Mathis contends that the holding of Johnson should be applied to his case to require an adjustment in his sentence. He claims that Johnson lowers his sentencing range. Mathis' Motion, p. 2.

In this contention, Mathis re-argues his position that Amendment 798 must be applied retroactively to his sentence. No matter how many times Mathis makes this argument, it is always incorrect, as noted above.

**D. *Beckles* holding:**

In this argument, Mathis predicts that the pending decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), will require the invalidation of the residual clause for the definition of a crime of violence. He stated the question as "whether *Johnson's* constitutional holding applies to the residual clause contained in the advisory guidelines in USSG § 4B1.2(a)(2)." Mathis badly miscalculated what the eventual holding of *Beckles* would be. *Beckles* held that the Sentencing Guidelines are not subject to a due process vagueness challenge. *Id*. at 897. That means that a defendant, like Mathis here, may not contend that his residual clause crimes of violence were misclassified at sentencing based on an argument that the residual clause of the definition of a crime of violence is unconstitutionally vague. *Beckles* settled once and for all that sentences determined by using the residual clause are constitutional and may not be set aside on that basis. Mathis' contention on this issue was firmly rejected by *Beckles*.

### E. Downward departure under Amendment 798.

In this argument, Mathis makes a convoluted argument that Amendment 798 contains a provision adding a downward departure in cases involving U.S.S.G. § 4B1.1. Mathis contends that Amendment 798 somehow requires that this Court re-determine whether the underlying convictions were misdemeanors or felonies. Of course, Mathis does not cite any language from any Guideline section, or statute, or case that supports his theory. He simply asserts that Amendment 798 requires this result. Actually, since Amendment 798 is not to be applied retroactively to cases on collateral review, like Mathis', his point may not be considered by this Court.

As to the merits of his contention, Mathis does not cite any law, case or other authority that any of his prior convictions were mis-labeled as felony convictions. He cites a Missouri Supreme Court case that required stealing charges under Missouri statutes to be classified as misdemeanors. Significantly, Mathis has taken no action to actually change the status of his stealing conviction. But even if Mathis could by some process amend his former felony stealing conviction from a felony to a misdemeanor, Mathis cannot get around his specific plea agreement, which was for a sentence of 120 months. No matter what his guideline change would be, it would simply amend the amount of the upward variance required to obtain a sentence of 120 months. Mathis got the exact sentence that he requested. His sentence was not dependent on any guideline range. There was no error committed by the district court.

### F. Waiver.

10

Mathis claims that his plea agreement waiver should not be enforced. Mathis' plea agreement contained a waiver of his right to file a habeas petition under 28 U.S.C. § 2255. This Court agrees that the current petition is a § 3582(c)(2) petition, and is not a habeas petition. Further, the Government has stated it will not seek to enforce any waiver of his right to file this motion. However, as argued above, Mathis completely fails on the merits of his claims.

### G. Effect of 28 U.S.C. § 994(o):

In point 6 of his Motion, Mathis argues that, even if the Sentencing Commission did not make Amendment 798 retroactively applicable to cases on collateral review, the language of 18 U.S.C. § 3582(c)(2) requires the retroactive application of Amendment 798. In coming to that conclusion, Mathis makes the following statement:

> On the contrary, the plain language of 18 U.S.C. § 3582(c)(2) does not even mention any Sentencing Commission's amendments must be retroactive and the only requirement is "(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." *Id*.
>
> Thus, the only requirement Mathis has to meet is with the plain language of § 3582(c)(2) that his sentence is ". . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). *Freeman v. United States*, 564 U.S. 5[2]2 (2011) and *United States v. Browne*, 698 F.3d 1042 (8th Cir. 2012), do not require that a defendant seeking his sentence to be modified or lowered pursuant to a Sentencing Commission's amendment does not have to be retroactive.

Mathis' Motion, pp. 8, 9.

Mathis comes to this conclusion by ignoring cases and language opposed to his position. His citation of *Freeman* is just such an example.

Freeman had entered into a <u>binding</u> plea agreement with the Government under Rule 11(c)(1)(C) for his drug distribution crimes. The parties agreed that the court should impose a sentence of 106 months imprisonment or allow either party to withdraw from the agreement. The district court approved the plea agreement and imposed the agreed-upon sentence. Three years after the sentence was imposed, the Sentencing Commission issued a retroactive amendment to the Sentencing Guidelines, reducing the offense levels for certain cocaine offenses. Freeman filed a § 3582(c)(2) motion, seeking to utilize the new guideline level for the court to consider in imposing his sentence. *Freeman*, 564 U.S. 522, 525-26 (2011). Because the plea agreement referenced Freeman's Guideline range of punishment to set the amount of the agreed-upon sentence, the Supreme Court agreed with Freeman, requiring the district court to conduct another sentencing hearing based on the amendment that the Sentencing Commission itself made retroactive. In making its decision, the Supreme Court noted that "[r]etroactive reductions to sentencing ranges are infrequent, so the problem will not arise often." *Id*. at 531. This case turned on two significant facts, each of which is a deviation from Mathis' facts. The first is that Freeman entered into a binding plea agreement that referenced a specific Guideline range of punishment applicable to his sentence. Mathis' plea agreement did not. The second difference is that Freeman was seeking a resentencing based on an amendment that was specifically made retroactive by the Sentencing Commission. Mathis' chosen amendment was not made retroactively applicable on collateral review.

Mathis seeks to use a decision permitting resentencing for a retroactively applied Sentencing Commission amendment for a binding plea. Mathis has neither situation. The

amendment he seeks to utilize was specifically not made retroactive by the Sentencing Commission and his plea agreement was not a binding plea agreement under Rule 11(c)(1)(C). Mathis' plea agreement contained only a joint recommendation of the parties under Rule 11(c)(1)(A). The Court was free to accept or reject the parties' recommendations without allowing either side to withdraw from the agreement if the Court elected not to follow those recommendations. The holding of Freeman does not support Mathis' claims; in fact, that holding specifically noted the rarity of applying Sentencing Commission amendments in a retroactive fashion.

Mathis' reliance on *Browne* is even more misguided. The facts of *Browne* involve a defendant who pled guilty to a cocaine crime, again pursuant to a binding plea agreement. In this case, the parties stipulated that the sentence was not based on a Guideline range, but was "an appropriate sentence." *Browne*, 698 F.3d at 1043. Browne was not allowed to obtain a sentencing reduction based on an amendment to the applicable drug quantity guideline that was made retroactively applicable by the Sentencing Commission because his sentence was not based upon the old offense levels. Mathis fails to recognize that the holding of *Browne* rejected Browne's claim that his sentence under a binding plea agreement should be vacated based on a new offense level computation in those cases where the agreed upon sentence was not dependent on a specific Guideline range. Furthermore, Mathis fails to recognize that the Guideline range in *Browne* was affected by an amendment made retroactive to cases on collateral review, which is not the facts of Mathis' case. Finally, Mathis fails to recognize that his plea agreement did not rely on a specific Sentencing Guideline range, but called for a 120

13

month sentence no matter what the applicable Guideline range turned out to be. The holding of *Freeman* supports the Government's argument, not Mathis'.

Mathis misinterprets the plain language of § 3582(c)(2). That statute permits the resentencing of a defendant whose "sentencing range . . . has been subsequently lowered by the Sentencing Commission . . ." In his case, Mathis' sentencing range has not been lowered by the Sentencing Commission because the Sentencing Commission chose not to make Amendment 798 retroactively applicable. His Guideline range of imprisonment has not been altered by the Sentencing Commission. § 3582(c)(2) does not permit Mathis' claim or to allow him to be resentenced.

**H. Whether Amendment 798 was made retroactively applicable by *Johnson* and/or *Beckles*.**

In this point, Mathis seems to contend that the holding of Johnson, which invalidated the residual clause of 18 U.S.C. § 924(e), and the holding of *Beckles*, required that the residual clause of U.S.S.G. § 4B1.2(a) to be stricken from the Guidelines as to previously sentenced defendants. Mathis cites no case, no statute, and no authority for that proposition, which is clearly incorrect. The holding of *Beckles* specifically rejected Mathis' claim and found that the residual clause definition of a crime of violence is not subject to due process challenges for vagueness. Mathis' argument is simply incorrect and against prevailing legal authority.

## CONCLUSION

For the foregoing reasons, Mathis' petition is **DENIED.**

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Mathis has not made a substantial showing of the denial of a federal constitutional right.

**SO ORDERED** this 27th day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE